**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| THERESA MULLANEY, | Case No. 1:12-cv-638 |
| Plaintiff, | Weber, J. |
| | Bowman, M.J. |
| v. | |
| JIM BALLINGER, et al., | |
| Defendants. | |

**MEMORANDUM ORDER**

**I. Background**

The phrase -"don't make a federal case out of it" – while a well-worn idiom, has unique application to the instant litigation. On April 13, 2012, Theresa Mullaney filed a *pro se* claim against Jim Ballinger in small claims court in Lebanon Municipal Court in Lebanon, Ohio, seeking to recover $425.00. In her claim, Plaintiff alleges that she hired Mr. Ballinger to provide an elevation certificate acceptable to the Federal Emergency Management Agency ("FEMA"), apparently in connection with her acquisition of flood insurance, but that Mr. Ballinger failed to complete the contracted work. (Doc. 1-6). Mr. Ballinger responded to Plaintiff's claim with a counterclaim and cross-claims, seeking the sum of $14,998.75 for damage to his professional reputation. (Doc. 1-7). In addition to seeking monetary damages from Plaintiff and her spouse, Ballinger's new claim(s) named FEMA and more than a dozen additional cross-claim

1

defendants. Ballinger appears to seek injunctive relief on his cross-claims.

On July 10, 2010, and in a second motion filed August 10, 2010, Plaintiff moved to dismiss the counterclaim/cross-claim, in part on grounds that the claims are "unintelligible." (Docs. 1-14, 1-19). Mr. Ballinger filed no response to Plaintiff's two motions to dismiss, but prior to the state court rendering any decision on those motions, FEMA removed the litigation to this federal Court, citing 28 U.S.C. §§1441, 1442(a) and 1446(a). Soon after removal to this Court, the newly identified cross-claim defendants began filing additional motions to dismiss, on grounds that Ballinger's pleading is "indecipherable," (Doc. 3 at 4), fails to meet minimum requirements under Rule 8 (Doc. 5, 11, 18), and fails to state a claim under Rule 12(b)(6) (Docs. 6, 11, 18). In the alternative, several of the cross-claim defendants seek a more definite statement of Ballinger's claims.

On September 17, 2012, Ballinger filed a document captioned as a "Notice Opposing Removal by FEMA" to federal court. In his "Notice," Ballinger affirmatively represents that he does not seek monetary damages from any individual at FEMA, and is not seeking judgment against employees of FEMA or the United States, but only against the Mullaneys. (Doc. 16 at ¶¶3-4). Although Ballinger's document was docketed as a "response in opposition" to several of the pending motions to dismiss, it is clear from this Court's review that the "Notice" filed by Ballinger does not in fact respond to the merits of those motions, but instead is in the nature of a motion to remand this litigation to state court.

S.D. Ohio Civ. R. 7.2(a)(2) requires responses to motions to be filed "within twenty-one (21) days from the date of service set forth in the certificate of service

2

attached to the Motion." Because Ballinger's "Notice" is more in the nature of a motion to remand to state court, Ballinger has not filed any timely and substantive response to Defendants' various motions to dismiss/motions for more definite statement. In addition to the motions previously filed by various cross-Defendants (Docs. 3, 5, 6, 11, 18), FEMA recently filed a motion to dismiss, citing the alleged failure of Ballinger's complaint to comply with Rule 8, or to state any type of claim upon which relief can be granted. (Doc. 22). Because Ballinger proceeds *pro se*, this Court will permit him an additional opportunity to file any response to the previously filed motions to dismiss and motions for a more definite statement, as well as to FEMA's more recently filed motion.

In light of this Court's view that Ballinger's prior "Notice" is properly construed as a motion to remand to state court, all cross-Defendants and Plaintiff will be granted a similar additional opportunity to respond to that construed motion.

## II. Conclusion and Order

Accordingly, IT IS **ORDERED:**

1. Defendant Ballinger's previously filed "Notice/Construed Response" (Doc. 16) is hereby construed as a motion to remand to state court;

2. Any party may respond to the construed motion to remand (Doc. 16) on or before **November 8, 2012,** with any reply memorandum to be filed by Defendant Ballinger on or before **November 22, 2012**;

3. Defendant Ballinger shall **SHOW CAUSE**, in writing on or before **November 8, 2012**, why all of the pending motions to dismiss and/or for a more definite statement (Docs. 3, 5, 6, 11, 18, 22) should not be construed as unopposed and granted for the reasons stated. To the extent that this Court concludes that it retains jurisdiction over

this case, Defendant Ballinger's failure to timely comply with this Order will result in a Report and Recommendation to the District Judge that the pending motions be granted.

           *s/ Stephanie K. Bowman*
           Stephanie K. Bowman
           United States Magistrate Judge