## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

THERESA MULLANEY,

                Plaintiff

        v.                            C-1-12-638

JIM BALLINGER,

      Defendant/Counter  Claimant

Federal Emergency Management Agency,
*et al.*,

            Cross-Defendants


### <u>ORDER</u>

      This matter is before the Court upon the Report and Recommendation of the United States Magistrate Judge (doc. no. 34), defendant Ballinger's objections (doc. no. 42) cross-defendant Corelogic's response (doc. no. 43), brief in opposition to Ballinger's objection filed by Brooks Snyder and Wife (doc. no. 46) and brief in opposition to defendant Ballinger's objections filed by PNC Bank (National Association) (doc. no. 48).  Defendant/Counter Claimant Ballinger also filed a Motion to Remand

2

to State Court (doc. no. 47) to which defendant PNC Bank has responded (doc. no. 49).

The Magistrate Judge recommended that defendant Ballinger's previously construed Motion to Remand to State Court, as well as his Motion to Transfer (doc. nos. 16, 24) should be denied, except that this Court should decline to retain jurisdiction over, and should remand to state court, plaintiff Mullaney's original breach of contract claim against defendant Ballinger; the Motions to Dismiss of all parties appearing before this Court (doc. nos. 1-14, 1-19, 3, 5, 6, 11, 18, 22) should be granted, with Ballinger's counterclaim and cross-claim against the Mullaneys, as well as all cross-claims against all other defendants, to be dismissed with prejudice for failure to state a claim; defendant Atkins Global should be dismissed *sua sponte* based upon plaintiff's failure to perfect service on that cross-claim defendant, or alternatively, for failure to state a claim; to the extent that the tendered "Artful Complaint" has been considered by the undersigned in the context of the pending Motions to Dismiss, the Motions to Strike Ballinger's tendered pleading (doc. nos. 26, 30, 31) should be denied as moot, notwithstanding the

strong legal merits of those motions; the alternative Motions for a More Definite Statement filed by the IBM defendants and by Stantec (doc. nos. 3, 5) should be denied as moot.

The Magistrate Judge also recommended that this case be closed and terminated from the docket of this Court.

Defendant, Jim Ballinger, objects to the Judge's Report specifically because he argues that all claims of the parties should be remanded to state court.

## CONCLUSION

Upon a *de novo* review of the record, especially in light of defendant, Jim Ballinger's, objections, the Court finds that it should decline supplemental jurisdiction over Theresa Mullaney's original breach of contract claim against defendant, Jim Ballinger, and its supplemental jurisdiction over defendant, Jim Ballinger's, original claim against Theresa Mullaney in the amount of $14,998.75. His remaining objections have either been adequately addressed and properly disposed of by the Magistrate Judge or present no particularized arguments that warrant specific responses by this Court, to which the Court finds that the

4

Magistrate Judge has accurately set forth the controlling principles of law and properly applied them to the particular facts of this case and agrees with the Magistrate Judge.

Accordingly, the Court hereby ADOPTS AND INCORPORATES BY REFERENCE HEREIN the Report and Recommendation of the United States Magistrate Judge (doc. no. 34) as modified in this Order.

Defendant Ballinger's previously construed Motion to Remand to State Court, as well as his Motion to Transfer and Motion to Remand to State Court (doc. nos. 16, 24, 47) ARE GRANTED IN PART.

This Court declines to retain jurisdiction over, and REMANDS TO STATE COURT, plaintiff, Theresa Mullaney's, original breach of contract claim against defendant, Jim Ballinger, and his original claim in the amount of $14,998.75 against plaintiff, Theresa Mullaney.  28 U.S.C. § 1367(c).

5

The Motions to Dismiss of all other parties appearing before this Court (doc. nos. 1-14, 1-19, 3, 5, 6, 11, 18, 22) are GRANTED, including defendant, Jim Ballinger's, cross-claim against Nate Mullaney, as well as all cross-claims against all other defendants, all of which are DISMISSED WITH PREJUDICE FOR FAILURE TO STATE A CLAIM.

Defendant Atkins Global is DISMISSED *SUA SPONTE* based upon plaintiff's failure to perfect service on that cross-claim defendant, or alternatively, for failure to state a claim.

To the extent that the tendered "Artful Complaint" has been considered by the Magistrate Judge in the context of the pending Motions to Dismiss, the Motions to Strike defendant, Jim Ballinger's, tendered pleading (doc. nos. 26, 30, 31) are DENIED AS MOOT, notwithstanding the strong legal merits of those motions.  The alternative Motions for a More Definite Statement filed by the IBM defendants and by Stantec (doc. nos. 3, 5) are DENIED AS MOOT.

6

**Plaintiff, Theresa Mullaney's, original breach of contract claim against defendant, Jim Ballinger, and defendant, Jim Ballinger's, claim of $14,998.75 against plaintiff, Theresa Mullaney, are REMANDED to the Lebanon Municipal Court in Lebanon, Ohio and this case is TERMINATED on the docket of this Court.**

**IT IS SO ORDERED.**

                                     **s/Herman J. Weber**
                            **Herman J. Weber, Senior Judge**
                            **United States District Court**